### PEOPLE v. RIZZO.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

RECEIVING STOLEN GOODS (§ 9*)—PROSECUTIONS—INSTRUCTIONS—REQUESTS—APPLICABILITY TO EVIDENCE.

    In a prosecution for receiving stolen goods, where accused claimed and his wife testified that she bought the goods during accused's absence and paid for them with her own money, it was error to refuse to charge that if she did so, and the goods were her property, accused could not be convicted; the charge given not referring to that defense.

    [Ed. Note.—For other cases, see Receiving Stolen Goods, Dec. Dig. § 9.*]

Appeal from Nassau County Court.

Michael Rizzo was convicted of receiving stolen goods, and he appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

H. Willard Griffiths, for appellant.
Franklin A. Coles, Dist. Atty., for the People.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HIRSCHBERG, P. J.   The appellant has been convicted of the crime of receiving some chickens, knowing them to have been stolen; the conviction resting chiefly upon the evidence of a witness who testified that he had actually committed the theft, but had sold the chickens to the defendant, the latter knowing that they had been stolen. The defendant denied that he had bought the chickens in question, and asserted that they had been purchased by his wife during his absence. His wife also testified that she had bought the chickens herself from a, peddler during her husband's absence, and had paid for them with her own money.

There was evidence sufficient to justify the conviction, but a new trial is necessary because the court refused to charge the jury at the defendant's request that, if they found from the evidence "that the goods were bought by Mrs. Rizzo and are her property, the defendant cannot be convicted of the crime charged." It is true that the refusal of the court to charge the proposition stated was limited except as covered in the charge; but, as no allusion was made in the charge to the assertion or claim that the chickens were purchased by the defendant's wife, the declination must be regarded as absolute.

The judgment of conviction must be reversed, and a new trial ordered. All concur.